CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 19 2006

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LEROY M. THURSTON, JR. | CIVIL ACTION 3:06-*CV* 00046 |
| *Plaintiff,* | |
| v. | ORDER and OPINION |
| STUART COOKE, PRES. OF LOUISA NAACP, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit, filed August 29, 2006. Pursuant to this statute, Plaintiff's Application to Proceed is hereby GRANTED. But because this Court lacks jurisdiction to hear Plaintiff's claim, his case is hereby DISMISSED WITHOUT PREJUDICE.

There are two bases for federal jurisdiction: federal question jurisdiction, *see* U.S. Const. art. III, § 2; 28 U.S.C. § 1331 (2000), and diversity of citizenship jurisdiction, *see* 28 U.S.C. § 1332 (2000). A court may consider matters of subject matter jurisdiction *sua sponte. See* Fed. R. Civ. P. 12(h)(3). After considering Plaintiff's complaint, the Court determines that it has neither federal question jurisdiction nor diversity of citizenship jurisdiction; therefore, the Court must dismiss this action.

### I. Federal Question Jurisdiction

Federal district courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000). "A case 'aris[es] under' federal law within the meaning of § 1331," the Supreme Court has stated, "if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assurance, Inc. v. McVeigh,* 126 S.Ct. 2121, 2131 (2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28 (1983)).

Plaintiff complains that Defendant "put false statements in our newspaper" – The Central Virginian based in Louisa, Virginian. Plaintiff has failed to allege what federal law creates his cause of action for what he alleges are the publishing of defamatory statements; Plaintiff, too, has failed to show that his right to relief necessarily depends on resolution of a substantial question of federal law. Defamation actions are quintessential state-court claims. Therefore, this Court finds that it does not have jurisdiction to hear this case pursuant to 28 U.S.C. § 1331.

## II. Diversity of Citizenship Jurisdiction

In order for the Court to have jurisdiction pursuant to 28 U.S.C. § 1332, the plaintiffs and the defendants must be citizens of different states. *See* 28 U.S.C. § 1332(a)(1). As Plaintiff's complaint makes clear, both he and Defendant are citizens of Virginia. As such, this Court does not have diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Therefore, because this Court lacks jurisdiction to hear Plaintiff's claim, his case is hereby DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

The Clerk of the Court is directed to send a copy of this Order to both parties.

ENTERED: _[signature]_
U.S. District Judge

_September 19, 2006_
Date